UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICROSOFT CORPORATION,<br>in its capacity as fiduciary of the<br>Microsoft Corporation Welfare Plan,<br><br>        Plaintiff,<br><br>v.<br><br>SEAN B. MALCOLM, PLLC,<br>and MOHAR CHATTERJEE<br><br>        Defendants. | Case No.:_____ |

## COMPLAINT

For its Complaint against Sean B. Malcolm, PLLC and Mohar Chatterjee ("Chatterjee"), the Plaintiff, Microsoft Corporation in its capacity as fiduciary of the Microsoft Corporation Welfare Plan (sometimes hereinafter referred to as the "Plan"), avers and states as follows:

## BACKGROUND

1. This is an action principally under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §1132(a)(3) for equitable relief to remedy violations of the Plan, which is a self-funded employee welfare benefit plan within the meaning of 3(a) of ERISA, 29 U.S.C. § 1002(1).

2. The Plan has paid benefits on behalf of Mohar Chatterjee for injuries she sustained as a result of an accident for which another party is responsible. The Plan seeks equitable relief in the form of a constructive trust and/or equitable lien by agreement upon amounts held by Mohar Chatterjee and Sean B. Malcom, PLLC that

belong in good conscience to the Plan.

3. This is an action, in part, for equitable relief and the imposition of a constructive trust and/or equitable lien over identifiable funds in the possession or constructive possession of the Defendants.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331. The Court has the exclusive subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 1132(e)(1).

5. Venue in this Court is proper, pursuant to 29 U.S.C. § 1132(e)(2), because the accident occurred in this district, Mohar Chatterjee resides within this district, and Defendant Sean B. Malcolm PLLC conducts business within this district.

## THE PARTIES

6. The Plan brings this Complaint against the Defendants to enforce the terms of the Microsoft Corporation Welfare Plan in its capacity as fiduciary of the Plan.

7. Microsoft Corporation, located at One Microsoft Way, Redmond, Washington, self-funds the Plan through its general assets and is the plan administrator and named fiduciary of the Plan, as those terms are defined in 29 U.S.C. §§ 1002(16)(A) and 1102(a)(2), respectively.

8. Plaintiff is authorized to bring this action on behalf of all Plan participants and beneficiaries to enforce the terms of the Plan and to protect the assets of the Plan under 29 U.S.C. § 1132(a)(3) and federal common law.

9. Upon information and belief, Mohar Chatterjee is an adult resident and citizen of the State of Washington and may be personally served at her residence at

16217 NE 90th Ct. Redmond WA 98052.

10. Upon information and belief, Sean B. Malcolm, PLLC, for the periods of time relevant to this Complaint, is a Washington professional limited liability company and law firm who represents Chatterjee. It is a Washington resident and citizen and may be personally served c/o Sean B. Malcolm, 5400 Carillon Point, Kirkland, WA 98033. This Defendant is a necessary party to this litigation as it is a Trustee of the Chatterjee settlement funds, and is in actual and/or constructive control of the funds and is named as a Defendant to ensure that full relief may be granted in accordance with the prayer for relief.

## FACTUAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 10 of the Complaint as if each paragraph were fully set forth herein.

12. At all times relevant to this Complaint, Chatterjee was a participant and beneficiary under the terms of the Plan.

13. On October 1, 2018, at approximately 4:07 p.m., Mohar Chatterjee was walking as a pedestrian across 156th Ave NE eastbound at a marked and controlled pedestrian crosswalk.

14. As Mohar Chatterjee was crossing the crosswalk, Adam Kromm was driving his 2018 Alfa Romeo Giulia car north on 156th Ave NE, approaching the crosswalk at the Overlake Transit Center.

15. Kromm failed to stop his vehicle at the crosswalk and when he reached the crosswalk he hit Chatterjee with the front of his Alfa Romeo as Chatterjee was crossing

the street in the crosswalk.

16. Chatterjee brought bodily injury and UIM claims for her injuries and damages sustained as a result of the motor vehicle accident that occurred on October 1, 2018, including the medical expenses paid by the Plan.

17. The Plan has paid medical expenses in the amount of $26,400.63 on behalf of Chatterjee for injuries she sustained as a result of the October 1, 2018 motor vehicle accident and the Plan seeks to recover these monies from the Defendant to the fullest extent she has recovered monies from the party responsible for her injuries.

18. Representatives for the Plan placed Chatterjee and her agent on notice of the Plan's right to recover the monies paid on her behalf.

19. The subrogation and reimbursement provisions of the Plan provide for a first priority lien without reduction for attorneys' fees, costs, or expenses.

20. The Plan consists of a Wrap Plan and a Component Plan, in this case the Component Plan is a Summary Plan Description [SPD], and together serve as the legally enforceable plan document for purposes of the present action.

21. The Plan contains the following provisions governing subrogation and reimbursement:

# COB with other types of insurance (Subrogation)

If another party may be liable or legally responsible to pay for a member's care, typically through another insurance plan, the Microsoft plan will seek to be reimbursed for amounts paid. The Microsoft plan may choose to:

- Subrogate—that is, take over—the member's right to receive payments from the other party. The member or the member's legal representative will transfer to the plan any rights the member might have to take legal action arising from the illness, sickness, or bodily injury to recover any sums paid under the plan on your behalf or that of your covered dependent. This is the plan's right of subrogation.

4

- Recover from the member or the member's legal representative any benefits paid under the plan from any payment you or your covered dependent is entitled to receive from the other party. This is the plan's right of reimbursement.

| Examples |
|---|
| • Felicia was injured in a car accident. Felicia received payment for related health care expenses through the other driver's auto insurance policy. In this instance, the Microsoft plan may be able to recover medical expenses on the member's behalf from the auto insurer. |
| • Molike became ill from food poisoning. He received a payment from the restaurant for related health care expenses through a liability policy. In this instance, the Microsoft plan may be able to recover medical expenses on the member's behalf from the liability policy. |



The other party or other parties are defined to include, but not limited to, any of the following:

The party or parties who caused the illness, sickness, or bodily injury

The insurer or other indemnifier of the party or parties who caused the illness, sickness, or bodily injury

The member's own insurer (for example, in the case of Uninsured Motorist [UM], Underinsured Motorist [UIM], medical payments, or no-fault coverage, or, in the case of Personal Injury Protection – PIP, Medical Payments, or Med Pay)

A workers' compensation insurer

Any other person, entity, policy, or plan that is liable or legally responsible in relation to the illness, sickness, or bodily injury

Other types of insurance that may provide health coverage might include but are not limited to:

- Personal Injury Protection (PIP) coverage
- Motor vehicle medical (Medpay) or motor vehicle no-fault coverage
- Workers' compensation, labor and industry, or similar coverage
- Any excess insurance coverage
- Medical premises coverage
- Commercial liability coverage
- Boat coverage
- Homeowner policy
- School and/or athletic policies
- Other type of liability or insurance coverage

## Right of reimbursement and subrogation

The following rules apply to the Microsoft plan's right of reimbursement and subrogation:

- The Plan has a first priority with respect to its right to reimbursement or subrogation.
- The Plan has the right to 100% reimbursement in a lump sum.
- The Plan is not subject to any state laws or equitable doctrine, including but not limited to the common fund doctrine, which would purport to require the Plan to reduce its recovery by any portion of a covered person's attorneys' fees, and costs.
- The Plan's right to first priority shall not be reduced due to the member's negligence or the member's not being made whole, or attorney's fees and costs, or due to any common fund doctrine.
- Reimbursement must be made to the Microsoft plan, regardless of whether the judgment, settlement, or other payments allocate any specified amount to reimbursement for medical expenses and

5

- regardless of whether such expenses are paid prior to or after the date of such judgment, settlement, or otherwise, and regardless whether the covered person made claim for medical expenses as part of any claim or demand.
- The Plan's recovery and reimbursement amount are recoverable even if the Participant's recovery funds have been commingled with other assets and the Plan may recover from any available funds without the need to trace the source of the funds.
- The Microsoft plan may seek reimbursement from any recovery, whether by settlement, judgment, mediation, arbitration, or any other recovery made by or on behalf of:
  - A covered dependent
  - The estate of any covered member, or
  - Any incapacitated member
- The Plan requires the Participant's legal representative or estate to cooperate fully with the Plan and not take any actions that would prejudice the Plan's right of reimbursement.
- The Plan Administrator, in its sole discretion, of the Plan Administrator's delegate, in the exercise of its fiduciary authority, may determine whether to pursue the Plan's rights to reimbursement or subrogation.
- The Plan shall have the right to join or intervene in any suit or claim against a Responsible Third Party brought by Participant or on the Participant's behalf.
- No Participant or his/her representatives may assign any rights or causes of action that he or she might have against a Third-Party tortfeasor, person, or entity, which would grant the covered individual the right to recover medical expenses or other damages, without the express, prior written consent of the Plan. The Plan's Subrogation and Reimbursement rights apply even if the Participant or covered individual has died as a result of her or his personal injuries and is asserting a wrongful death or survivor claim against the Third Party under the laws of any state. The Plan's right to recover by subrogation or reimbursement shall apply to any settlements, recoveries, or causes of action owned or obtained by a decedent, minor, incompetent, or disabled person.

Reimbursement will not exceed:

- The amount of benefits paid by the plan for the illness, sickness, or bodily injury, plus the amount of all future benefits that may become payable under the plan that result from the illness, sickness, or bodily injury. The plan will have the right to offset or recover such benefits from the amount received from the other party, and/or
- The amount recovered from the other party, or parties

If the member recovers payments from any of the sources identified above and fails to reimburse the Microsoft plan, the Microsoft plan may reduce future benefits from the amount received from the other party, or parties.

## Working with the Microsoft health plan

The member or the member's legal representative must:

- Notify the Microsoft plan in writing whenever benefits are paid under the Plan that arise out of any injury, sickness or other condition that provides or may provide the Plan subrogation or reimbursement rights.
- Notify the Microsoft plan in writing of any terms or conditions offered in a settlement before accepting any settlement or recovery on a claim against the other party
- Notify the other party of the Microsoft plan's interest in the settlement established by this provision

- Cooperate fully with the Microsoft plan in asserting its subrogation and reimbursement rights
- Provide all information and sign and return all documents necessary to exercise the Microsoft plan's right under this provision within 14 business days of receiving a request from the Microsoft plan

If the member or the member's legal representative fails to cooperate fully as described above, they will be personally liable to the Microsoft plan for the amount paid on the member's behalf.

In the event that the Plan advances moneys or provides benefits for an injury, sickness, or other conditions, and the member recover moneys or benefits from a third party in the amount of the moneys or benefits advance; or in the event that there is a disagreement regarding reimbursement of the plan's subrogation amount at the time of settlement, the Plan has an equitable lien in connection with such amounts and the member or the member's legal representative agrees to hold any recovered funds in trust or in a segregated account for the benefit of the plan until the plan's subrogation and reimbursement rights are fully determined.

Other Reimbursements

If you receive any payment, reimbursement or refund from any party for any item or service that previously was furnished to you and covered by the Plan, you must notify the Plan as soon as possible. The Plan will have the right to recover from you any and all amounts paid, reimbursed, or refunded that previously were paid or reimbursed by the Plan. To the extent that any such amounts previously were paid by you (e.g., deductibles, coinsurance, or copayments), the Plan still may need to adjust your deductible and/or coinsurance or out of pocket maximum amounts as necessary to account for the subsequent payment, reimbursement, or refund to you.

Noncompliance

If the Participant receives a Recovery but does not promptly segregate the Recovery funds and reimburse the Plan in full from those funds, the Plan shall be entitled to take action to recover the Reimbursement Amount. Such action shall include, but shall not be limited to:

a. Initiating an action against the Participant and/or the Participant's attorneys to compel compliance with this Section;
b. Withholding or suspending Benefits payable to or on behalf of the Participant and the Participant's eligible Dependents until the Participant complies or until the Reimbursement Amount has been fully paid to the Plan; or
c. Initiating other appropriate actions.

If the Participant does not reimburse the Plan after receiving the Recovery, the Participant shall be responsible for paying the Plan a reasonable interest per month on the Reimbursement Amount until the Plan receives reimbursement in full.

Conclusion of Claim

Once a Participant has settled or received an award or judgment or any type of Recovery on a claim or suit against a Responsible Third Party, (1) the Participant shall hold any proceeds of a Recovery in trust until the Plan's rights and interests in such Recovery have been resolved and satisfied.

> *The Microsoft plan administrator has the exclusive responsibility and complete discretionary authority to control the operation and administration of this plan, with all powers necessary to enable it to properly carry out such responsibility, including, but not limited to, the power to construe and interpret the terms of this summary plan description and any other plan documentation.*

22. On information and belief the Defendant settled her bodily injury claim in February of 2020 in the amount of $200,000.00.

23. On June 19, 2020, Chatterjee's agent, attorney Sean Malcolm, advised Plan counsel that the UIM claim had settled for $50,000.00.

24. Though the Defendant has recovered said settlement funds, the Defendants have refused to honor the Plan's first- priority reimbursement claim and have instead argued, through attorney, Sean B. Malcolm, that the Microsoft Plan is not 100% self-funded due to stop loss insurance coverage, and therefore the reimbursements are subject to Washington state laws.

25. In response to resolution of Mohar Chatterjee's case and others that remain unresolved due to attorney Malcolm's self-funding position, on 6/12/20 Defendant Malcolm advised Plan counsel that:

*I disagree that the Microsoft Plan on which each of these patients is a participant is 100% self-funded, and entitled to full reimbursement in accordance with its terms. At best, it is a legal question under federal law. We don't need you to walk us through the law, presumably anymore than your firm needs that from me, so I'll politely decline your kind offer of legal instruction from you.*

*However, if you have a proposed resolution for these claims, I'm happy to hear it and discuss with client prior to litigation.*

26. On October 13, 2020, the Plan confirmed that it did carry stop loss insurance coverage from 2016-2019 and this information was communicated to Chatterjee via her agent Sean Malcolm.

27. In response to a follow up Plan rejection of a 40% reduction proposed by attorney Sean Malcolm, on November 3, 2020, attorney Malcolm advised that he recommended litigation to his client Mohar Chatterjee.

28. On November 23, Plan counsel again followed up with attorney Malcolm regarding his client's response to attempted settlement by the Plan and attorney Malcolm advised that he did not have an answer from his client quite yet.

29. Plan counsel contacted attorney Malcolm again on 11/30/20 and 12/7/20 but received no response except that attorney Sean Malcolm would accept service if the Plan was forced to file suit on the valid reimbursement claim.

30. Although settlement discussions have occurred, Chatterjee via her agent has only offered to settle this matter for a 40% reduction of the Plan's valid and enforceable reimbursement right.

## COUNT I

### CLAIMS FOR RELIEF UNDER 29 U.S.C. § 1132(a)(3)

31. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 30 of the Plaintiff's Complaint as if each paragraph were fully set forth herein.

32. The Plan has a right to reimbursement of medical expenses it paid on behalf of Chatterjee from any and all settlement(s) received from parties responsible

for her injuries, up to the sum of $26,400.63.

33.     Upon information and belief, Chatterjee is in possession and/or constructive possession of funds to which she is not entitled, and that belong in good conscience to the Plan.

34.     Although the Plaintiff has requested that Chatterjee reimburse the Plan pursuant to Plan terms, the Chatterjee has refused to turn over the portion of the settlement funds as required by the terms of the Plan.  Defendant's refusals violate the terms of the Plan and ERISA.  Plaintiff is entitled to equitable restitution in the form of a constructive trust or equitable lien by agreement with respect to the disputed funds controlled by the Defendants.

35.     As a result of Chatterjee's violations of the terms of the Plan, Plaintiff has been injured.  Microsoft Corporation, in its capacity as fiduciary of the Plan, therefore seeks all appropriate equitable relief, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(2), to enforce the terms of the Plan.

## COUNT II

### DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201

36.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 35 of the Plaintiff's Complaint as if each paragraph were fully set forth verbatim herein.

37.     The Plan has an enforceable right to reimbursement for medical expenses it paid on behalf of the Chatterjee out of any and all settlement fund(s) that Chatterjee has received for her injuries.

38. The Plan has attempted to enforce its right to reimbursement by asserting a lien on any recovery received by Chatterjee.

39. Chatterjee and her agent have refused to honor the Plan's lien with respect to the settlement funds.

40. Chatterjee's continued refusal to honor the terms of the Plan, and continued actions that prejudice the Plan's right of reimbursement are violations of the Plan terms and a breach of Chatterjee's fiduciary obligations to the Plan.

41. The Plaintiff seeks a declaratory judgment from the Court construing the subrogation and reimbursement provisions within the Plan and the inapplicability of the "make-whole" and "common fund" or other doctrines that purport to reduce the Plan's reimbursement, such that the Plan is entitled to first priority reimbursement of the benefits it paid on behalf of Chatterjee from the proceeds of any and all settlement(s) that Chatterjee has received for her injuries.

## COUNT III

## ATTORNEYS' FEES AND COSTS

42. Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 41 of the Plaintiff's Complaint as if each paragraph were fully set forth herein.

43. Plaintiff is entitled to reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Microsoft Corporation in its capacity as fiduciary of the Microsoft Corporation Welfare Plan, requests the following:

1. The imposition of an *in rem* constructive trust and/or equitable lien by agreement in favor of the Plan upon the proceeds of any and all settlement(s), plus accrued interest, in the possession of the Chatterjee and/or her attorneys, agents or representatives up to the amount of $26,400.63 representing the full amount of payments made by the Plan of behalf of Mohar Chatterjee from her alleged recovery of $300,000.00; plus accrued interest.

2. A declaration of the Plan's ownership of the above-referenced settlement funds up to the amount of $26,400.63 representing the full amount of payments made by the Plan of behalf of Mohar Chatterjee from her alleged recovery of $300,000.00; plus accrued interest.

3. An accounting of the disposition of any recoveries obtained by the Defendants;

4. An order enjoining the Defendants from transferring or disposing of any settlement funds which would prejudice, frustrate, or impair Plaintiff's ability to recover same;

5. An order directing the Defendants to turn over the proceeds of any and all settlement recoveries in the amount of $26,400.63 representing the full amount of payments made by the Plan of behalf of Mohar Chatterjee from her alleged recovery of $300,000.00; plus accrued interest;

6. Other and further equitable relief to which the Plaintiff may be entitled, including but not limited to specific performance, which may be necessary for the Defendant to comply with her obligations under the terms of the Plan;

7. Awarding Plaintiff, Microsoft Corporation in its capacity as fiduciary of the Microsoft Corporation Welfare Plan pre-and post-judgment interest, costs, and attorneys' fees; and

8. Any other relief as this Court may deem just and proper.

Dated: December 11, 2020         THE PLAINTIFF

By: *s/Nancy A. Case*
   Nancy A. Case
   Washington Bar No.: 53413
   Matthiesen Wickert & Lehrer S.C.
   1111 E. Sumner St.
   Hartford, WI 53027
   (262) 673-7850

   *Attorney for the Plaintiff Microsoft Corporation in its capacity as fiduciary of the Microsoft Corporation Welfare Plan*

13