THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, in its capacity as fiduciary of the Microsoft Corporation Welfare Plan,<br><br>                Plaintiff,<br>    v.<br><br>MOHAR CHATTERJEE, individually, and SEAN B. MALCOLM, PLLC,<br><br>                Defendants. | CASE NO. C20-1800-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff Microsoft Corporation's unopposed motion for leave to amend its complaint (Dkt. No. 18). In December 2020, Plaintiff filed suit in its capacity as fiduciary of a health insurance plan under the Employee Retirement Income Security Act of 1974 against Defendant Mohar Chatterjee, a health plan beneficiary, and Sean B. Malcolm, PLLC, a law firm that represents Ms. Chatterjee, seeking reimbursement of medical expenses paid by the plan on behalf of Ms. Chatterjee from any settlements she received from the parties responsible for her injuries. (*See generally* Dkt. No. 1.) Plaintiff now moves to amend its complaint to correct a scrivener's error in ¶ 26. (Dkt. No. 18.)

The Court is afforded discretion to grant leave to amend and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The generosity in granting leave to amend is "to be applied with extreme liberality" as there is a strong presumption in favor of granting leave to amend a complaint. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). The Court must consider five factors in granting leave to amend a complaint: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the complaint has previously been amended. *See, e.g. United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Having considered these factors, the Court finds they each weigh in favor of granting leave to amend to correct the scrivener's error. There is no evidence of bad faith or undue delay, no opposition to the motion was filed, the Court perceives no prejudice to the opposing parties or futility of amendment, and the complaint has not previously been amended.

Accordingly, Plaintiff's motion for leave to file the First Amended Complaint (Dkt. No. 18), attached to the motion as Exhibit 2, is GRANTED.

DATED this 2nd day of August 2021.

Ravi Subramanian
Clerk of Court

s/Paula McNabb
Deputy Clerk
